| STATE OF INDIANA | ) | IN THE TIPPECANOE CIRCUIT COURT |
| --- | --- | --- |
|  | ) | SS: |
| COUNTY OF TIPPECANOE | ) | CAUSE NO. 79C01-1807-PL- |

| SAMUEL MILLER and MICHELLE | ) | |
| --- | --- | --- |
| HINKLE, on their own behalf and | ) | |
| on behalf of those similarly situated, | ) | |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| COLLEGE CHEFS, LLC, | ) | |
|  | ) | |
| Defendant. | ) | |

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW Plaintiff Samuel Miller ("Miller") and Michelle Hinkle ("Hinkle") (together, "Plaintiffs"), and bring this action against Defendants College Chefs, LLC ("College Chefs") for violation of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the Indiana Minimum Wage Statute, I.C. §22-2-2-1 *et seq.* and, with respect to Miller alone, violation of the Indiana Wage Claims Statute ("IWCS") and Indiana Wage Deduction Statute ("IWDS"), I.C. §22-2-9-1 *et seq.* and I.C. §22-2-6-1 *et seq.*, respectively, and show as follows:

**PARTIES**

1. Miller is an individual who resides in Tippecanoe County, Indiana. He was employed by Defendant within the meaning of the FLSA within the three year period immediately preceding the filing of this Complaint, and his written declaration is attached to this Complaint as Exhibit A.

2. Hinkle is an individual who resides in Tippecanoe County, Indiana. She was employed by Defendant within the meaning of the FLSA within the three year period immediately

preceding the filing of this Complaint, and her written declaration is attached to this Complaint as Exhibit B.

3. College Chefs is an Illinois limited liability company doing business in Indiana, with its status to do business in Indiana revoked as of February 13, 2014. At all times relevant to this action, Company was an employer within the meaning of the FLSA and IWCS and IWDS.

## FLSA COVERAGE

4. At all times relevant to this matter, upon Plaintiff's information and belief, Defendant has been an enterprise within the meaning of the FLSA, 29 U.S.C. §203(r).

5. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

6. At all times hereinafter mentioned, Plaintiffs were an individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

## FACTUAL ALLEGATIONS

7. Defendants hired Miller as a chef working at the Phi Kappa Si fraternity at Purdue University on August 16, 2017.

8. Miller was paid a salary of $1,500.00 bi-weekly from August 16, 2017 until January 29, 2018.

9. Miller regularly worked approximately forty-five (45) hours per week.

10. Miller was not paid overtime wages for hours that he worked in excess of forty (40) in single workweeks.

11. Hinkle was hired by Defendant on or about December 5, 2017.

12. Hinkle was paid a salary of $1,100.00 bi-weekly from December 5, 2017 through March 4, 2018.

13. Hinkle regularly worked approximately fifty (50) hours per week.

14. Hinkle was not paid overtime wages for hours that he worked in excess of forty (40) in single workweeks.

15. Plaintiffs duties included ordering food and supplies, preparing and overseeing the preparation of food, and general kitchen duties.

16. In ordering and handling food and supplies, Plaintiffs used the instrumentalities of interstate commerce and handled goods which had moved in interstate commerce.

### COLLECTIVE ACTION FACTUAL ALLEGATIONS

17. Plaintiffs are similarly situated to other of Defendants campus chefs inasmuch as they have shared common titles, positions, and duties, are subject to the same decision, policy, plan or practice whereby Defendant pays them "straight time" instead of overtime wages for hours worked in excess of forty (40) in single workweeks.

18. Pursuant to Defendant's decision, policy, plan or practice, Defendant failed to fully pay overtime wages due to current and former college chefs (and their functional equivalents), employed by Defendant within the past three (3) years ("Members of the Class"), because Defendant paid Members of the Class "straight time" for all hours worked, including hours for which Members of the Class should have received overtime wages.

19. The same conduct which resulted in the non-payment of overtime applied to Plaintiffs and Members of the Class.

20. Accordingly, the class is properly defined as:

    > All Current and former college chefs, and their functional equivalents, employed by Defendant within the three (3) years prior to the filing of this Complaint.

21. Defendant knowingly, willfully, or with reckless disregard for the rights of Plaintiffs and Members of the Class, carried out its illegal decision, pattern, practice or plan of failing to pay overtime compensation with respect to Plaintiffs and Members of the Class.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

22. During the relevant period, Defendant has violated and, upon information and belief, is violating the provisions of 29 U.S.C. §207 by employing Plaintiffs and those similarly situated in an enterprise engaged in commerce, or in the production of goods for commerce, or employing employees engaged in interstate commerce, within the meaning of the FLSA, without compensating them at the prescribed rate of no less than one and one-half times their regular rate for hours worked in excess of forty (40) in a single workweek.

23. Defendant has acted knowingly, willfully, or with reckless disregard in failing to pay Plaintiffs in accordance with the law.

### COUNT II: VIOLATION OF THE INDIANA MINIMUM WAGE STATUTE

24. During the relevant period, Defendant has violated and, upon information and belief, is violating the provisions of the Indiana Minimum Wage Statute, I.C. §22-2-2-1 *et seq.* by employing Plaintiffs and those similarly situated without compensating them at the

prescribed rate of no less than one and one-half times their regular rate for hours worked in excess of forty (40) in a single workweek.

25. Defendant has acted knowingly, willfully, or with reckless disregard in failing to pay Plaintiffs, and those similarly situated, in accordance with the law.

### COUNT III: VIOLATION OF THE INDIANA WAGE DEDUCTION STATUTE
### WITH RESPECT TO MILLER

26. With respect to Miller, in violation of Indiana Code §22-2-6-1 *et seq.*, Defendant unlawfully deducted from Miller's wages amounts which were not permissible deductions pursuant to the IWDS.

27. To wit, Defendant deducted the entirety of Miller's terminal paycheck pursuant to its policy regarding pay during a holiday period.

28. Deduction of pay pursuant to a policy regarding pay during a holiday period is not an expressly prescribed and allowable wage assignment pursuant to the IWDS.

29. Defendant has violated the IWDS.

30. Defendant's actions were wrongful, and were undertaken knowingly, willfully, or with reckless disregard with respect to Miller's rights.

### COUNT IV: VIOLATION OF THE INDIANA WAGE CLAIMS STATUTE
### WITH RESPECT TO MILLER

31. With respect to Miller, in violation of Indiana Code §22-2-9-1 *et seq.*, Defendant unlawfully failed to pay Miller all of his wages due and owing at the next regular pay date following the separation of his employment.

32. To wit, Defendant did not timely pay the entirety of Miller's terminal pay.

33. Defendant has violated the Indiana Wage Claims Statute.

34. Miller has satisfied the conditions precedent to filing this claim.

35. Defendant's actions were wrongful, were undertaken knowingly, willfully, or with reckless disregard to Miller's rights.

36. Defendant's actions were not in good faith.

37. Miller has been harmed as a result of Defendant's unlawful actions.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand:

1. An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs and those similarly situated, and liquidated damages equal in amount to the unpaid compensation;

2. An order pursuant to the IMWS finding Defendant liable for unpaid back wages due to Plaintiffs and those similarly situated, and liquidated damages due in equal amount to the unpaid compensation;

3. With respect to Miller only, An order pursuant to the IWDS finding Defendant liable for unlawfully deducted or assigned wages, plus liquidated damages;

4. With respect to Miller only, An order pursuant to the IWCS finding Defendant liable for unlawfully unpaid wages, plus liquidated damages;

5. An Order awarding Plaintiffs the costs of this action;

6. An Order awarding Plaintiffs their attorneys' fees;

7. An Order awarding Plaintiffs pre- and post-judgment interest at the highest rates allowed by law;

8. An Order enjoining future violations of the FLSA; and

9. An Order granting such other and further relief as may be necessary and appropriate.

/s/Jason R. Ramsland (29443-29)
Jason R. Ramsland
Ball Eggleston PC
201 Main Street, Suite 810
Lafayette, IN 47902-1535
jramsland@ball-law.com
765.742.9046
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable.

/s/Jason R. Ramsland (29443-29)
Jason R. Ramsland
Ball Eggleston PC
201 Main Street, Suite 810
Lafayette, IN 47902-1535
jramsland@ball-law.com
765.742.9046
Attorney for Plaintiffs